NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE G. SCHMIDT; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; et al., <br><br> Defendants-Appellees. | No. 14-15725 <br><br> D.C. No. 2:09-cv-00660-LKK-GGH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Plaintiffs appeal pro se from the district court's summary judgment in their

Federal Tort Claim Act ("FTCA") action relating to the enforcement of a contempt

order.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Oyama*

*v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015) (summary judgment);

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007) (motion to dismiss). We affirm.

The district court properly granted summary judgment on plaintiffs' false imprisonment and false arrest claims because the United States is immune from liability. *See Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007) ("The FTCA specifies that the liability of the United States is to be determined in accordance with the law of the state where the alleged [wrong] occurred.") (citation and internal quotation omitted); *see also Lopez v. City of Oxnard*, 254 Cal. Rptr. 556, 559-60 (Ct. App. 1989) (describing law enforcement immunity under California law).

The district court properly dismissed defendant Jerry Buchmeyer because plaintiffs failed to file a motion for substitution as to Buchmeyer's estate. *See* Fed R. Civ. P. 25(a); *Kentucky v. Graham*, 473 U.S. 159, 166 & n.11 (1985) (if an official in a personal-capacity action dies pending final resolution of the case, plaintiff must pursue the action against the decedent's estate).

The district court did not abuse its discretion by denying plaintiffs' request to recuse the magistrate judge. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review for denial of a recusal motion).

2                                                                      14-15725

We do not consider any matters related to the district court's orders granting defendants' motions to dismiss that were not specifically and distinctly raised and argued in plaintiffs' opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit plaintiffs' contentions that the magistrate judge and district judge did not address their claims and objections.

Plaintiffs' request for judicial notice, set forth in their opening brief, is denied.

**AFFIRMED.**